IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MIGUEL GOMEZ, #A73790845, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2230 |
| ALBERTO GONZALEZ, *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER OF TRANSFER**

The petitioner, Jesus Miguel Gomez, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, in Houston, Texas. He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an adverse decision by the Board of Immigration Appeals, which affirmed an administrative order of removal entered by an immigration judge. He also seeks a stay of deportation. Because this Court lacks subject matter jurisdiction over the petition, this case must be transferred to the United States Court of Appeals for the Fifth Circuit for reasons set forth briefly below.

Gomez explains that he was convicted of negligent homicide and sentenced to ten years of probation. After Gomez violated his probation, he received a sentence of five years' imprisonment in the Texas Department of Criminal Justice. Thereafter, the Department of Homeland Security initiated removal proceedings against Gomez, who is not

a United States Citizen, on the grounds that his criminal conviction fit within the definition of an aggravated felony found in § 101(a)(43) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(43). Gomez' efforts to obtain relief from deportation were unsuccessful, and an immigration judge entered an order of removal against him on September 22, 2003. On April 19, 2005, the Board of Immigration Appeals affirmed the removal order.

Gomez seeks a federal writ of habeas corpus to challenge the immigration judge's determination that he was convicted of a particularly serious crime, precluding his ability to obtain withholding of removal or relief under the Convention Against Torture. Shortly before Gomez filed his petition, Congress passed the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Section 106 of the REAL ID Act amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional provision:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This new provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the

REAL ID Act.  *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)).  Because the petitioner seeks judicial review of an order of removal that became final before May 11, 2005, the exclusive jurisdiction provisions of the REAL ID Act apply to his writ of habeas corpus.

Where a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, Congress has provided that a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)).   Because it lacks subject matter jurisdiction over the petition, the Court concludes that this case must be transferred to the Fifth Circuit, which has exclusive jurisdiction to hear the petitioner's claims.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Fifth Circuit.

It is further **ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

Nancy F. Atlas
United States District Judge

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on July 6, 2005.